# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAHDIABDUL WILKERSON,

     Plaintiff,

                                    Case No.: 6:25-cv-02507-CEM-NWH

v.

PATRIOT GROWTH INSURANCE
SERVICES, LLC; RMB INSURANCE INC. D/B/A
ALLIANCE & ASSOCIATES INSURANCE;
JOHN DOE ENTITY DEFENDANTS 1-5;
OFFICERS 1-5; AND JOHN DOE CALLERS 1-10,

     Defendants.

_____/

### DEFENDANT, PATRIOT GROWTH INSURANCE SERVICES, LLC'S MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Patriot Growth Insurance Services, LLC ("PGIS"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) & (e), hereby files this motion to dismiss the Complaint and Demand for Jury Trial (Doc. 1) ("Complaint"), filed by Plaintiff Mahdiabdul Wilkerson ("Plaintiff"), or for a more definite statement, and in support of said motion states as follows:

1.     Plaintiff filed the Complaint against PGIS for alleged violations of the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA"). The Complaint is a shotgun pleading that incorporates all preceding paragraphs in each count, is replete with immaterial allegations, and asserts claims against multiple defendants without specifying which defendant is responsible for which conduct. The Complaint also lacks numbered paragraphs as required by

Rule 10. Moreover, the Complaint fails to comply with Rule 8 and 10's requirement that Plaintiff make a short and plain statement of his claim, because it states an unclear narrative suggesting that both Plaintiff and his fiancée used the alleged phones, they used pseudonyms during the alleged calls, and they invited additional communications. Therefore, this Court should dismiss Plaintiff's Complaint as a shotgun pleading and for violating the short and plain statement requirements of Rules 8 and 10, or alternatively require a more definite statement from Plaintiff, for the reasons further stated below.

2. The Complaint alleges, at bottom, that PGIS and/or Defendant RMB Insurance Inc. ("RMB") made 146 calls to the phone number ending in 4467 (the "4467" number), 43 calls to the phone number ending in 3094 (the "3094" number), and 44 calls to the phone number ending in 8807 (the "8807" number) between August and December 2024. See Complaint at pp. 10-15. Plaintiff alleges those calls were an issue because the phone numbers were registered on the national do-not-call ("DNC") registry, and because the calls used automatic telephone dialing system ("ATDS") technology and prerecorded voice messages without prior express consent.

3. The deficiency with Plaintiff's claims, however, is that Plaintiff's allegations make it impossible to determine who he is asserting as the subscriber or customary user of the phone numbers. Plaintiff instead alleges that after making an initial request for the calls to stop, he would hand off the phone to his fiancée during future calls (making it unclear as to which was the customary user

of the phone), his fiancée would use pseudonyms when speaking with the callers, and solicit further communications by apparently providing the caller with fake names and various email addresses. *See, e.g.*, *id.* at p. 9 ("During multiple calls, Plaintiff handed the phone to his fiancée[.] . . . [S]he used pseudonyms while allowing the call to continue long enough to identify the responsible agents and entities."). Plaintiff's fiancée is not a plaintiff, and Plaintiff's allegations create unnecessary ambiguity as to whether or not he is a temporary user of the phone.

4. Plaintiff also fails to distinguish between PGIS or RMB's conduct in any way. Instead, Plaintiff makes allegations regarding both Defendants being vicariously liable for the calls, and then lumps both Defendants into three counts asserted in pages 20-23 of his Complaint. *Id.* Each count incorporates all preceding paragraphs, none of which (with one possible exception where there is a reference to "34A" on page 9) are numbered. *See id.*

5. Therefore, this Court should dismiss Plaintiff's Complaint without prejudice as an impermissible shotgun pleading, and further dismiss Plaintiff's claim for injunctive relief since he alleges that the last call occurred in December 2024. Any order of dismissal should further require Plaintiff to address the deficiency that his Complaint fails to allege the identity of the subscriber and customary user of the alleged phone numbers, and fails to make any allegations regarding the use of the phones for residential purposes. Alternatively, if the Court is not inclined to dismiss the Complaint, the Court should require a more definite statement of Plaintiff's Complaint that identifies the subscriber and customary

user of each phone number alleged in the Complaint, makes allegations regarding how the phones are used, and removes immaterial allegations.

**MEMORANDUM OF LAW**

## I.      Legal Standards.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  A party is further required to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

> These rules work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not."

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985)).

"Complaints which violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.  *Id.* at 1323; *see also Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020)

("We have instructed that a district court must intervene . . . and order a replead[ing] of a shotgun complaint, even if the defendant does not move for a more definite statement." (additional quotation marks and citations omitted)).

Moreover, a complaint must contain sufficient factual matter, which, if accepted as true, would 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  "This obligation 'requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.' " *Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1164 (M.D. Fla. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).

A defendant may also move for a more definite statement of a complaint that is "so vague or ambiguous that the party cannot reasonably prepare a response," and must point out in the motion "the defects complained of and the details desired."  Fed. R. Civ. P. 12(e); *see also Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1255 (M.D. Fla. 2012) (granting a defendant's motion for a more definite statement of a plaintiff's TCPA claim).

## II.    Plaintiff's Complaint is a Shotgun Pleading.

Plaintiff's Complaint should be dismissed with leave to amend because it is a shotgun pleading.  The Eleventh Circuit has identified four types of shotgun pleadings, including the following three that are pertinent to this case.  *Weiland*, 792 F.3d at 1321.  "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all

preceding counts." *Id.* at 1322. Another "is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* "[F]inally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

There is no question that Plaintiff's Complaint checks the box of each of those three types of impermissible shotgun pleadings. Each count incorporates all preceding paragraphs. The Complaint is replete with conclusory, vague, and immaterial allegations, such as the entire section titled "Logical Bridge Between Telemarketers and Defendant." Complaint at pp. 16-18. That section, and the subsequent "Vicarious Liability and Knowledge" section, further demonstrate that Plaintiff fails to specify which Defendant, between PGIS and RBM, is responsible for which conduct. *See id.* at pp. 19-20 (singularly identifying "Defendants" as equally responsible for the alleged conduct). The Eleventh Circuit's *Hirsch* decision specifically addresses the impropriety of Plaintiff's method of making common allegations against multiple defendants in TCPA cases:

> Like in Hirsch's Complaint and Amended Complaint, each count alleges that the TCPA was violated by "Defendants, either directly or through their agents," without explaining which defendant was responsible for the calls. Similarly, without any clarification provided, Hirsch alleges that "the foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA," but in no count or claim does he state which act or omission was committed by

which defendant. Hirsch's complaint tasks the reader with parsing the slew of general factual allegations about the business structure of the defendants, and their relationships with non-party call centers, in order to decipher which defendant's conduct applies to each count of the RSAC. This is not an appropriate task for the district courts.

*Hirsch*, 805 F. App'x at 991.

Plaintiff's Complaint, therefore, has "[t]he unifying characteristic of all types of shotgun pleadings," which is that it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds on which each claim rests." *Weiland*, 792 F.3d at 1323; *see also Hirsch*, 805 F. App'x at 991-992 (affirming a dismissal with prejudice of a plaintiff's TCPA complaint as a shotgun pleading). This Court should dismiss the Complaint without prejudice to Plaintiff filing an amended complaint that attempts to address those deficiencies.

## III. Plaintiff's Complaint Fails to Comply with the Short and Plain Statement Requirements of Rules 8 and 10 with Regard to His Allegations of His and His Fiancée's Use of the Phones.

Plaintiff also fails to provide a short and plain statement that allows Defendants to "discern what he is claiming" with respect to how he and his fiancée use the phones at issue, so that defendants and the court "can determine which facts support which claims." *Fikes*, 79 F.3d at 1082. The Complaint makes no allegations regarding the identity of the subscribers and customary users of the 4467, 3094, or 8807 phone numbers, and is unnecessarily vague about his and his fiancée's use of the phones. He alleges that he regularly handed the phone off to his fiancée during the alleged calls. His Complaint is also silent as to which, or all,

of those three phone numbers that he alleges he or his fiancée uses primarily for residential purposes, which is pertinent to his DNC claims. *See, e.g.*, *Lee v. Loandepot.com, LLC*, No. 14-CV-01084, 2016 WL 4832786, at *7 (D. Kan. Aug. 17, 2016) (affirming summary judgment against a TCPA plaintiff who failed to "come forward with any evidence showing how he used his cellular phone."). Those deficiencies impair his claims, because only subscribers or non-subscriber customary users of phones have standing to assert claims for calls that violate the TCPA. *See, e.g.*, *Bank v. ICOT Holdings, LLC*, No. 18-CV-02554, 2024 WL 278460, at *3 (E.D.N.Y. Jan. 25, 2024).

The deficiencies in the allegations regarding the subscriber or customary user of the 4467, 3094, and 8807 phone numbers matter in this case, because Plaintiff's allegations suggest that his fiancée invited further communications from the callers, as evidenced by the admitted use of pseudonyms and the by emails attached to Plaintiffs' complaint. *See* Exhibits to Complaint. The omissions in Plaintiff's allegations raise a question of whether consent from Plaintiff's fiancée to further communications from the alleged callers bars some or all of Plaintiff's TCPA and FTSA claims. *See Bank*, 2024 WL 278460, at *4 (noting that one user of a phone has no claim for a TCPA violation where another customary user or the subscriber has given prior express consent for the call).

The absence of those basic details regarding the subscriber and customary users of the phone numbers, which are pertinent to his claims, further demonstrates that Plaintiff's Complaint fails to meet the short and plain statement

requirements of Rules 8 and 10, and should be dismissed with leave to correct those deficiencies. This Court should dismiss the Complaint without prejudice to Plaintiff to file an amended complaint that corrects those deficiencies by making plain and succinct allegations regarding the subscribers and customary users of each phone number, and of whether they contend they used each of the phone numbers primarily for residential purposes.

## IV. The Claim for Injunctive Relief Should Be Dismissed

A plaintiff seeking injunctive relief under section 227(b)(3)(A) of the TCPA or section 501.059(10)(a)1 of the FTSA must "allege facts that show a likelihood of future injury." *Morris v. Lincare, Inc.*, No. 8:22-cv-2048, 2024 WL 2702101, at *4 (M.D. Fla. May 24, 2024) (citing *Zononi v. CHW Grp, Inc.*, No. 22-cv-14358, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023)). Plaintiff alleges that the last call was made in December 2024. Complaint at p. 15. There is no allegation that he or his fiancée have an expectation of future calls. Therefore, his claim for injunctive relief should be dismissed.

## V. Alternatively, this Court Should Require a More Definite Statement of Plaintiff's Complaint to Succinctly and Plainly Allege the Identity of the Subscribers and Customary Users of the Phone Numbers.

Even if Plaintiff's Complaint was not a shotgun pleading (though it is), or if Plaintiff's Complaint properly asserted a short and plain statement of his claim as to each Defendant (though it does not), this Court should nonetheless require a more definite statement of Plaintiff's claim with respect to the subscribers of each

of the phone numbers, the customary users of each of the phone numbers, and how the phones are regularly used. Plaintiff's current Complaint alleges an unnecessarily confusing narrative consisting of him and his fiancée trading the phones between themselves in the middle of calls, his alleged requests for the calls to stop, his fiancée's contradictory invitation of further communications, and their use of pseudonyms during the calls. Nowhere in the Complaint does Plaintiff identify the subscriber of any of the phone numbers, identify all customary users of the phone numbers, or make any allegations that the phone numbers are used primarily for residential purposes.

This is a case in which, if the Complaint is not dismissed for the reasons set forth above, the Court should require the Plaintiff to submit a more definite statement of his claims. *See Augustin*, 43 F. Supp. 3d at 1255 (granting a motion to dismiss and for a more definite statement of a plaintiff's TCPA complaint with "limited factual allegations" with leave to file an amended complaint "which corrects the deficiencies identified in this Order"). As part of any more definite statement, this Court should require Plaintiff to cut the numerous, superfluous allegations, such as the entire section on the "Logical Bridge Between Telemarketers and Defendants." Complaint at pp. 16-17.

The Court requiring Plaintiff to provide a more definite statement of his claims also has the potential to simplify the pleading, discovery, and trial stages of this proceeding. *See Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled

10

clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

In short, Plaintiff's current Complaint would benefit from a more definite statement of his claim even if this Court is not inclined to dismiss the Complaint as the shotgun pleading that it clearly is. As part of any more definite statement, this Court should require Plaintiff to plainly and succinctly allege: the identity of all subscribers of the 4467, 3094, and 8807 phone numbers; the identity of all customary users of the 4467, 3094, and 8807 phone numbers; and whether Plaintiff contends that each of the phone numbers are used primarily for residential purposes.

## VI. CONCLUSION.

Plaintiff's Complaint should be dismissed as a shotgun pleading. The current Complaint is deficient because the paragraphs are not numbered, each count incorporates each preceding paragraph, the Complaint is replete with vague and immaterial allegations, and the Complaint fails to specify which Defendant is responsible for which actions. Moreover, the Complaint is further deficient because it is lacking in material allegations regarding the subscribers and customary users of the phone numbers identified by Plaintiff, and regarding Plaintiff's use of the numbers primarily for residential purposes. Alternatively, PGIS requests a more definite statement of Plaintiff's claims so it has a fair opportunity to know which actions Plaintiff claims it is responsible for, to know

who the subscribers and customary users of the phone numbers are, and to know if Plaintiff is alleging that he uses the phone for residential purposes.

WHEREFORE, PGIS respectfully requests that this Court enter an order granting this motion, dismissing the Complaint as a shotgun pleading and for failure to provide a short and plain statement of Plaintiff's claims, or alternatively requiring a more definite statement of Plaintiff's claims, and granting such further relief as the Court deems just and proper.

Date: January 29, 2026.

(<strong>Signature pages follow.</strong>)

## LOCAL RULE 3.01(g) CERTIFICATION

Due to the exigency created by PGIS's deadline to file a response to the Complaint, the undersigned has not yet had an opportunity to confer with Plaintiff regarding the relief requested in this motion. The undersigned has sent an email to Plaintiff in an attempt to confer regarding the relief sought in this motion simultaneously with the filing of this motion. The undersigned will attempt diligently for three days to confer with Plaintiff, and will supplement this motion pursuant to Rule 3.01(g)(3).

Respectfully submitted,

*/s/ James Jeffrey Burns*
JAMES JEFFREY BURNS (*Lead Counsel)
Florida Bar No. 111395
jburns@jnd-law.com
JOHN E. JOHNSON
Florida Bar No. 593000
jjohnson@jnd-law.com
**JOHNSON, NEWLON & DECORT, P.A.**
3242 Henderson Blvd, Suite 210
Tampa, Florida 33609
Secondary: smilosevic@jnd-law.com;
swalker@jnd-law.com
Telephone (813) 699-4859
Facsimile: (813) 235-0456
*Attorneys for Defendant,*
*Patriot Growth Insurance Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2026, a true and correct copy of the foregoing was served by e-mail and U.S. Mail to the pro-se Plaintiff.

Mahdiabdul Wilkerson
1848 Morgans Mill Circle
Orlando, FL 32825
Email: wilkersonmahdiabdul@gmail.com

/s/ James Jeffrey Burns
Attorney